

FILED

DEC 2 2 2006
DEC 22 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JUAN OROPEZA and JORGE LOPEZ, on behalf )
of themselves and other persons similarly situated, )
known and unknown, )

Plaintiffs,

v.

APPLEILLINOIS, LLC d/b/a APPLEBEE'S
NEIGHBORHOOD GRILL & BAR,

Defendant.

)
)
)
)
)

**06CV7097
JUDGE GUZMAN
MAG. JUDGE BROWN**

## COMPLAINT

Plaintiffs Juan Oropeza and Jorge Lopez, on behalf of themselves and other persons similarly

situated, known and unknown, through their attorneys, for their Complaint against Defendant

AppleIllinois, LLC d/b/a Applebee's Neighborhood Grill & Bar ("Defendant"), state as follows:

**NATURE OF PLAINTIFFS' CLAIM**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and Illinois Wage

Payment and Collection Act, 820 ILCS §115/1 *et seq.* ("IWPCA"), for: (1) Defendant's failure to

pay overtime wages to Plaintiffs and other similarly situated employees for all time worked in excess

of forty (40) hours in individual work weeks and for (2) Defendants' failure to pay all earned wages

to Plaintiffs and other similarly situated employees. Defendant's unlawful compensation practices

have (and have had) the effect of denying Plaintiffs their earned and living wages. Copies of

Plaintiffs' Consents to bring this case as a representative action are attached hereto as Exhibit A.

2.      This lawsuit also arises under the Civil Rights Act of 1866, 42 U.S.C. §1981

1

("Section 1981"), to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Plaintiffs and other similarly situated employees who were adversely impacted by such practices. Plaintiffs allege that Defendant (1) paid non-Hispanic employees with similar seniority at higher rates of pay and provided superior benefits than Hispanic employees for the same or substantially similar work and (2) refused to promote Hispanic employees, with similar skills and experience as non-Hispanic employees of Defendant, to positions outside of the kitchen of Defendant's restaurants. These practices illegally discriminate against Plaintiffs and other similarly situated employees in the terms and conditions of their employment.

**THE PARTIES**

3.      At all material times hereto, Plaintiffs were "employee(s)" of Defendant as that term is defined by the FLSA, the IMWL, and the IWPCA.

4.      Plaintiff Juan Oropeza resides in and is domiciled in Round Lake Beach, Illinois within this judicial district. From approximately 2001 through August 25, 2006, Plaintiff Oropeza was employed by Defendant as a Kitchen Manager at its Zion, Illinois restaurant within this judicial district.

5.      Plaintiff Jorge Lopez resides in and is domiciled in Crystal Lake, Illinois. From approximately 1999 through 2002 and 2004 through August 25, 2006, Plaintiff Lopez was employed by Defendant as a Kitchen Manager at its Crystal Lake, Illinois restaurant.

6.      During the course of their employment, Plaintiffs engaged in commerce or in the production of goods for commerce.

7.      Defendant AppleIllinois, LLC is an Illinois limited liability company that owns and operates approximately 35 Applebee's restaurants within Illinois, including in Zion, Illinois and

2

Crystal Lake, Illinois.

8.    At all material times hereto, Defendant was Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS §105/3(c), and the IWPCA, 820 ILCS 115/1 *et seq.* Defendant is an Illinois limited liability company that owns and operates restaurants in Illinois, and is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act. 29 U.S.C. §203(s)(1).

9.    At all material times hereto, Defendant's employees have been engaged in interstate commerce and Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes. During the course of their employment by Defendant, Plaintiffs handled goods, including perishable produce and other food products, which moved in interstate commerce.

**JURISDICTION AND VENUE**

10.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to 29 U.S.C. §201 *et. seq.* and 42 U.S.C. §1981.

11.    Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates restaurants, including the restaurant at which Plaintiff Oropeza worked, within this judicial district. Several of the events giving rise to Plaintiffs' claims occurred in this District.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Plaintiffs on behalf of themselves and similarly situated employees)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 11 of this Complaint.

3

12.     This count arises from Defendant's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs and other similarly situated employees at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

13.     At all material times hereto, Defendant was Plaintiffs' "employer(s)" within the meaning Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Plaintiffs were Defendant's "employees" within the meaning of the Act.

14.     During the course of their employment by Defendant, Plaintiffs were employed by Defendant and were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

15.     During the course of Plaintiffs' employment, Defendant directed Plaintiffs to work in excess of forty (40) hours in individual work weeks and Plaintiffs did customarily work in excess of forty (40) hours in individual work weeks.

16.     Other similarly situated employees of Defendant were likewise directed by Defendant to work in excess of forty (40) hours in individual work weeks and Plaintiffs did customarily work in excess of forty (40) hours in individual work weeks.

17.     Pursuant to 29 U.S.C. § 207, Plaintiffs and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

18.     Defendant did not compensate Plaintiffs and similarly situated employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

19.     Defendant's failure and refusal to pay overtime wages to Plaintiffs and other similarly

4

situated employees for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

20.     Defendant willfully violated the FLSA by refusing to pay Plaintiffs and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours per week.

21.     Plaintiffs and other similarly situated employees are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.     A judgment in the amount of one and one-half times Plaintiffs' and other similarly situated employees regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law -- Overtime Wages
### (Plaintiffs on their own behalf only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 21 of this Complaint.

22.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

5

23.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

24.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

25.     Defendant violated the IMWL by failing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

26.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.      A judgment in the amount of one and one-half times Plaintiffs' regular hourly rate of pay for all time which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B.      Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
### (Plaintiffs on their own behalf only)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 26 of this Complaint.

6

27.     This count arises from Defendant's violation of the IWPCA for failing and refusing to compensate Plaintiffs for all of their earned wages.

28.     During the course of Plaintiffs' employment, Defendant regularly and customarily directed Plaintiffs to work in excess of in excess of sixty (60) hours in individual work weeks and Plaintiffs did regularly and customarily work in excess of sixty (60) hours in individual work weeks.

29.     Pursuant to the IWPCA, Plaintiffs were entitled to be compensated for all time worked for Defendant at the rate agreed to by the parties.

30.     During the course of Plaintiffs' employment, Defendant compensated Plaintiffs for no more than fifty-five (55) hours in each individual work week, including in individual work weeks in which Plaintiffs worked in excess of fifty-five (55) hours.

31.     Defendant violated the IWPCA by not compensating Plaintiffs for all time worked.

32.     Plaintiffs were damaged by Defendant's violation of the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

      A.     A judgment in the amount of all back wages due as provided by the IWPCA;

      B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

      C.     Reasonable attorneys' fees and costs of this action;

      D.     That the Court determine the rights of the parties and direct Defendant to account for all hours worked and wages owed to Plaintiffs during the course of their employment;

      E.     An injunction precluding Defendant from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

      F.     Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Discrimination in Violation of 42 U.S.C. §1981**
**(Plaintiffs on their own behalf and on behalf of a class)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 32 of this Complaint.

33.     Defendant employs over 300 employees throughout Illinois, many of whom are of Hispanic.

34.     Since at least December of 2003, Defendant has engaged in unlawful compensation practices in violation of 42 U.S.C. §1981. These policies and practices include paying non-Hispanic employees with similar seniority at higher rates of pay and providing superior benefits than Hispanic employees for performing the same or substantially similar work.

35.     Since at least December of 2003, Defendant has engaged in unlawful employment practices in violation of 42 U.S.C. §1981. These policies and practices include refusing to promote Hispanic employees, with similar skills and experience as non-Hispanic employees of Defendant, to positions outside of the kitchen of Defendant's restaurants.

36.     The result of the practices complained of above has been to deprive Plaintiffs and other Hispanic employees of equal compensation and otherwise adversely impact their status as employees because of their race.

37.     The unlawful employment practices complained of above were and are intentional.

38.     The discriminatory acts of Defendant, its agents and managers were deliberate, intentional, wanton, and malicious, and were done with malice or with reckless indifference to Plaintiffs' civil rights, and to the civil rights of the class, and entitle Plaintiffs and the class members to punitive damages.

39.     Because of Defendant's conduct, Plaintiffs and the class have suffered humiliation

8

and tangible losses, including the loss of fair wages. Plaintiffs have suffered emotional injuries and due to Defendants' conduct.

40.    Because of Defendant's discriminatory customs and practices, Plaintiffs and the class have suffered and continue to suffer substantial losses in earnings and other terms and conditions of employment.

41.    The class that Plaintiffs represent is composed of all persons who are employed or have been employed by Defendant who have been or continue to be adversely affected by the practices complained of herein which violate 42 U.S.C. §1981.

42.    Defendant operates approximately 35 restaurants throughout the state of Illinois and Defendant's employees are geographically dispersed and the class Plaintiffs represent are so numerous that joinder of all class members is impracticable.

43.    There are common questions of law and fact affecting the rights of the members of this class who are and continue to be limited, classified, and discriminated against in ways that deprive and tend to deprive them of equal employment opportunities and otherwise adversely affect their status as employees in violation of Section §1981.

44.    The claims of the named individual Plaintiffs are typical of those of the class as a whole, and common relief is sought.

45.    The interests of the class are fairly and adequately represented by Plaintiffs.

46.    The prosecution of separate actions by individual members of the class would create a risk of incompatible standards of conduct for the Defendant.

47.    The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical

9

matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

48.     Defendant acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

49.     Questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

WHEREFORE, the Plaintiffs and the class they represent request that this Court enter judgment in their favor and the Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them from engaging in any employment practices which discriminate on the basis of race.

B.     Order Defendant to make whole Plaintiffs and a class of individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

C.     Order Defendant to make whole Plaintiffs and a class of individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, humiliation, and inconvenience in amounts to be determined at trial.

D.   Award Plaintiffs punitive damages;

E.   Award Plaintiffs and a class of individuals attorneys' fees and costs;

F.   Grant such further relief as this Court deems necessary and proper in public

interest.

Respectfully submitted,

Dated:  December 17, 2006

CHRISTOPHER J. WILLIAMS (ARDC#6284262)
DOUGLAS M. WERMAN (ARDC#6204740)
Werman Law Office, P.C.
77 W. Washington, Suite 1815
Chicago, Il 60602
(312) 419-1008

Attorneys for Plaintiffs

11

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUAN OROPEZA and JORGE LOPEZ, on behalf )
of themselves and other persons similarly situated, )
known and unknown, )
                                              )
            Plaintiffs,                       )
                                              )      Case No.
      v.                                      )
                                              )
APPLEILLINOIS, LLC d/b/a APPLEBEE'S           )
NEIGHBORHOOD GRILL & BAR,                     )
                                              )
            Defendant.                        )

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendant AppleIllinois, LLC d/b/a Applebee's Neighborhood Grill & Bar within the prior three (3) years, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _____ Jorge Lopez _____

Signature: _____ Jorge Lopez _____

Date on which I signed this Notice: _____ 12-21-2006 _____

Christopher J. Williams
Douglas M. Werman
Werman Law Office, P.C.
77 W. Washington, Suite 1815
Chicago, Illinois 60602
312-419-1008

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JUAN OROPEZA and JORGE LOPEZ, on behalf )
of themselves and other persons similarly situated, )
known and unknown, )
                                 )
           Plaintiffs, )
                                 )       Case No.
       v. )
                                   )
APPLEILLINOIS, LLC d/b/a APPLEBEE'S )
NEIGHBORHOOD GRILL & BAR, )
                                   )
           Defendant. )

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by Defendant AppleIllinois, LLC d/b/a Applebee's Neighborhood Grill & Bar within the prior three (3) years, that I have worked for Defendant in excess of forty (40) hours in individual work weeks and that I have not been paid all of the overtime wages owed to me. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Juan Oropeza_

Signature: _Juan Oropeza_

Date on which I signed this Notice: _12-21-06_

Christopher J. Williams
Douglas M. Werman
Werman Law Office, P.C.
77 W. Washington, Suite 1815
Chicago, Illinois 60602
312-419-1008

Attorneys for Plaintiffs