**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN OROPEZA and JORGE LOPEZ, on behalf of themselves and other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 06 C 7097 |
| | ) ) | **Magistrate Judge Geraldine Soat Brown** |
| v. | ) ) | |
| APPLEILLINOIS, LLC, d/b/a APPLEBEE'S NEIGHBORHOOD GRILL & BAR, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Motion for Leave to File Amended Answers and Defenses to the Third

Amended Complaint filed by defendants AppleIllinois, LLC, W. Curtis Smith, James Borke, Archie

Iodice and Jerry Kreger (collectively, "defendants"). [Dkt 197].[1]  For the reasons set out below, the

motion is granted in part and denied in part.  Defendant AppleIllinois, LLC, may file amended

affirmative defenses in accordance with this opinion by January 19, 2010.

**BACKGROUND**

In December 2006, the two named plaintiffs, Juan Oropeza and Jorge Lopez, filed their first

complaint in this action against their former employer, AppleIllinois, LLC, alleging claims under the

federal Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL") and the

---

[1] Defendant J. Timothy Brugh, who is separately represented, did not join in the motion.

Illinois Wage Payment and Collection Act ("IWPCA"). (Compl.) [Dkt 1]. In May 2007, plaintiffs

amended their complaint to add additional individual counts of discrimination and retaliation. (First

Am. Compl.) [Dkt 22]. Plaintiffs amended their complaint twice more in 2009, adding certain

AppleIllinois, LLC members and general managers as individual defendants. (Second Am. Compl.;

Third Am. Compl.) [Dkt 113, 134.] Each of plaintiffs' four complaints have contained an allegation

that the named plaintiffs were employed as "Kitchen Managers" at AppleIllinois' restaurants and

were not exempt from the overtime wage provisions of the FLSA. (Compl. ¶¶ 4, 5, 14; First Am.

Compl. ¶¶ 4, 5, 19; Second Am. Compl. ¶¶ 4, 5, 25; Third Am. Compl. ¶¶ 4, 5, 28.) AppleIllinois

answered each complaint, consistently admitting that plaintiffs were non-exempt employees and

admitting in its later two answers that plaintiffs were kitchen managers at the restaurants.[2] (Ans. to

Compl. ¶ 14; Ans. to First Am. Compl. ¶ 19; Ans. to Second Am. Comp. ¶¶ 4, 5, 25; Ans. to Third

Am. Compl. ¶¶ 4, 5, 28.) [Dkt 15, 24, 115, 141.]

Defendants now move for leave to amend their separate answers to Paragraph 28 of the most

recent complaint, plaintiffs' Third Amended Complaint, in order to change their admission that the

named plaintiffs are non-exempt employees under the FLSA and the IMWL to a denial based on the

executive and/or administrative exemptions of those statutes. (Defs.' Mot. ¶ 8.) Defendant

---

[2] Although AppleIllinois consistently admitted that the named plaintiffs were non-exempt
employees, it denied in its first two answers the portion of the same complaint paragraphs alleging
they were kitchen managers. (AppleIllinois Ans. ¶¶ 4, 5; AppleIllinois' Ans. to First. Am. Compl.
¶¶ 4, 5.) In its later two answers, however, AppleIllinois admitted that the named plaintiffs were
kitchen managers. (AppleIllinois' Ans. Second Am. Compl. ¶¶ 4, 5; AppleIllinois' Ans. Third Am.
Compl. ¶¶ 4, 5.) Each of the individual movant defendants admitted upon information and belief
both that the named plaintiffs were non-exempt and that they were employed as kitchen managers.
(Smith's Ans. Third Am. Compl. ¶¶ 4, 5, 28; Kreger's Ans. Third Am. Compl. ¶¶ 4, 5, 28; Borke's
Ans. Third Am. Compl. ¶¶ 4, 5, 28; Iodice's Ans. Third Am. Compl. ¶¶ 4, 5, 28.) [Dkt 142, 143,
144, 188.]

AppleIllinois also seeks leave to amend its answer to include the following affirmative defenses already asserted by the individual defendants: (1) recoupment, offset or overpayment; (2) waiver, estoppel and/or laches; and (3) failure, refusal or neglect to avoid or mitigate damages. (*Id.* ¶ 9.)

Defendants argue that their request for leave to amend is based upon information recently discovered during the depositions of the named plaintiffs. (*Id.* ¶ 5.) They claim (without quoting from or including any deposition excerpts) that the named plaintiffs testified that they were not "Kitchen Professionals, but rather, were Kitchen Managers paid on a salary basis of more than $455 per week." (*Id.* ¶ 6.) They argue (again, without any factual support) that the named plaintiffs' duties as kitchen managers were such that they would be exempt from the overtime provisions of the FLSA and the IMWL. (*Id.*) Defendants assert further that their contemplated amendment will not cause prejudice or delay, affect the course or timing of discovery with respect to either the named plaintiffs' individual claims or the opt-in plaintiffs' claims, or affect the timing of AppleIllinois' motion to decertify the collective action of this matter. (*Id.* ¶ 11.)

Plaintiffs oppose the motion on several grounds. First, they disagree with defendants' characterization of the named plaintiffs' deposition testimony. (Pls.' Resp. at 2-4.) [Dkt 200.] Plaintiffs submit excerpts of the named plaintiffs' deposition testimony in which they testified that they were to be paid hourly as kitchen managers. (*Id.* Ex. A, Dep. J. Lopez at 91- 92; *id.* Ex. B, Dep. J. Oropeza at 35-36.) Second, plaintiffs argue that defendants have known plaintiffs' job titles and payment structure since the start of this lawsuit, and thus defendants' motion for leave to amend rests on a change in strategy rather than the development of new facts. (Pls.' Resp. at 2-4.) Plaintiffs stress that their allegation that Mr. Oropeza and Mr. Lopez were kitchen managers has been present since the filing of their first complaint in 2006. (*Id.* at 4, citing Compl.) Finally, plaintiffs argue that

defendants' change in strategy will cause delay and undue prejudice because plaintiffs have

structured their discovery thus far on the understanding that defendants did not contest that element

of their claims.  (*Id*. at 4-5.)

Defendants refine their argument in their reply, explaining that they knew that Mr. Oropeza

and Mr. Lopez contended they were kitchen managers although defendants' records showed that they

were "Kitchen Professionals," typically a non-exempt position paid hourly.  (Defs.' Reply at 1-2.)

[Dkt 202.]  According to defendants:

> What did not become evident to AppleIllinois until the recent
> depositions of the Named Plaintiffs is that theirs was a completely
> unique situation wherein they were designated "Kitchen
> Professionals" internally for record keeping at AppleIllinois, but in
> actuality, they were paid on a salary basis and performed the
> functions of a Kitchen Manager, making them exempt employees.

(*Id*. at 2.)[3]  Even with their reply, however, defendants fail to include any factual evidence to support

their position.


**LEGAL STANDARD**

Fed. R. Civ. P. 15(a)(2)  provides in pertinent part that the court should freely grant leave to

amend a pleading when justice so requires.  It is, however, wholly within the district court's sound

discretion whether to grant or deny a motion to amend the pleadings.  *Thompson v. Boggs*, 33 F.3d

847, 853 (7th Cir. 1994) (finding no error in district court's refusal to allow amendment to add new

---

[3]  Defendants also briefly argue that since plaintiffs have been allowed to amend their
complaint multiple times so too should they be allowed to amend their answers.  (Defs.' Reply at 1
n. 1.)  That argument is misguided.  The issue presented by a motion for leave to amend is not
whether each side has had the same number of chances to perfect their pleading; rather, the issue is
whether justice requires the particular contemplated amendment.  *See* Fed. R. Civ. P. 15(a).

claim weeks before trial where defendant knew facts and could have asserted defense from the beginning); *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1379 (7th Cir. 1990) (following grant of new trial, district court properly refused to allow amendment adding new defense where plaintiff had no notice and opportunity to prepare for it).

Leave to amend may be denied for "apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thompson*, 33 F.3d at 853; *J.D. Marshall Int'l., Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991). Moreover, "the burden to the judicial system from allowing parties to change theories in midstream is a pertinent factor and may in appropriate cases justify a refusal to allow an amendment even if the amendment would cause no hardship at all to the opposing party." *Tamari v. Bache & Co.*, 838 F.2d 904, 909 (7th Cir. 1988). While delay in moving to amend does not necessarily mean denial, "the longer the delay, the greater the presumption against granting leave to amend. The longer the delay in seeking leave to amend, the likelier is it both that the delay is inexcusable . . . and that granting leave to amend will, by further delaying the lawsuit, impair the public interest in the prompt resolution of legal disputes. The interests of justice go beyond the interests of the parties to the particular suit; all other considerations to one side, delay in resolving a suit may harm other litigants by making them wait longer in the court queue." *Id.*

**DISCUSSION**

In this case, defendants' motion comes a full three years into the litigation. It is not based on factual information not previously available, as is the usual basis for a motion to amend. Its apparent purpose is to change the entire complexion of the litigation.

Defendants' arguments for being allowed to withdraw an admission three years into the litigation lack factual support. Defendants claim they have just learned that Mr. Oropeza and Mr. Lopez were in a "unique situation," different from the "hourly" status shown on defendants' own records. Although defendants argue that they learned previously unknown facts at the named plaintiffs' depositions, they have not quoted or attached any deposition testimony demonstrating those "facts." Contrary to defendants' assertion, Messrs. Oropeza and Lopez did not testify that they were paid on a salary basis. They testified that they were paid hourly. (J. Lopez Dep. at 91-92; J. Oropeza Dep. at 35-36.) Defendants admit that their own internal records show that Messrs. Oropeza and Lopez were listed as "hourly" employees, although, according to defendants, the records of AppleIllinois' payroll processor ADP show they were paid on a salary basis. (Defs.' Reply at 2 n. 2.) Plaintiffs also contest defendants' characterization of that information; plaintiffs claim that the ADP records show that Messrs. Oropeza and Lopez were paid hourly. (Pls.' Resp. at 4.) Defendants did not, however, provide the ADP records with their motion.

There is no justification for defendants' delay. The facts about the named plaintiffs' status have not changed over the course of the lawsuit; they stopped working for AppleIllinois before the lawsuit was filed. All of the information about them was available before AppleIllinois filed its first answer in March 2007. The payroll records – both AppleIllinois' internal records and ADP records – belong to and were produced by defendants. It was defendants who chose not to obtain the ADP

6

records until recently.  (Defs.' Reply at 2 n. 2).  Significantly, the way defendants categorized, paid

and employed plaintiffs is not information solely held by plaintiffs and only recently available to

defendants through discovery.  AppleIllinois as the employer decided the employees' titles, how the

employees were paid and what job duties to assign them.  AppleIllinois certainly should have known

before it filed its first answer in this case whether or not the functions Messrs. Oropeza and Lopez

performed qualified them as exempt employees.

Defendants seek to excuse their delay in recognizing the named plaintiffs' purportedly

"unique situation" by claiming that defendant Archie Iodice made decisions as to plaintiffs' job

titles, pay structure and duties and responsibilities, and that he was "inaccessibl[e], due to illness."

(Defs.' Reply at 2 n. 2.)  Defendants' argument is undercut by their answers to Plaintiffs' Third

Amended Complaint: Each of the movant defendants – including Mr. Iodice –  specifically *denied*

that Mr. Iodice was "involved in the day-to-day operation of AppleIllinois, including the policies that

give rise to Plaintiffs' claims."  (AppleIllinois' Ans. Third Am. Compl. ¶ 11; Smith's Ans. Third

Am. Compl. ¶ 11; Kreger's Ans. Third Am. Compl. ¶ 11; Borke's Ans. Third Am. Compl. ¶ 11;

Iodice's Ans. Third Am. Compl. ¶ 11.)

Even assuming, *arguendo,* that Mr. Iodice possessed particular knowledge with regard to the

named plaintiffs, that information has been available to defendants all along.  Significantly, Mr.

Iodice is not just an employee of AppleIllinois; he is a member of the limited liability company that

is AppleIllinois LLC (AppleIllinois' Ans. Third Am. Compl. ¶ 11), and as such his information was

available to AppleIllinois long before he was named as an individual defendant. Defendants provide

no evidence to suggest that Mr. Iodice was not apprised of the allegations of the complaints and

AppleIllinois' answers during the three years those answers have been of record.  Certainly there is

nothing to suggest that he could not have been consulted about the accuracy of those answers at any time during those three years.  Although the record reflects that Mr. Iodice was, unfortunately, seriously ill in recent months, and proceedings were temporarily stayed as to him in August 2009 (Iodice's Mot. for Stay ¶ 3; Aug. 12, 2009 Order) [dkt 181, 186], the record also reflects that Mr. Iodice's illness dates from December 2007 – fully a year after this lawsuit was filed and after AppleIllinois had repeatedly made the admissions that defendants now seek to withdraw.  (Iodice's Mot. For Stay Ex. 1., Decl. Dr. A. Desai ¶ 4.)  Moreover, Mr. Iodice's answer to the Third Amended Complaint *admits* upon information and belief both that the named plaintiffs were non-exempt employees and that they were kitchen managers.  (Iodice's Ans. Third Am. Compl. ¶¶ 4, 5, 28.)

Defendants' final argument is that they changed counsel in 2009.  (Defs.' Reply at 2 n. 2.) That argument actually supports plaintiffs' claim that the current motion is not based on newly-discovered facts but rather a change in strategy.  Where defendants will go if their motion is granted can be inferred from defendants' suggestion that they will be filing a motion to decertify the case as a collective action.  (Defs.' Mot. ¶ 11.)

In August 2007, after AppleIllinois had admitted twice that the named plaintiffs had been non-exempt employees, the parties *jointly* moved the court for approval of a notice to the potential class of "opt-in" plaintiffs so that this case could be conducted as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).  [Dkt 26.]  The implicit premise of that motion was that the named plaintiffs, Juan Oropeza and Jorge Lopez, were proper representatives of a class of hourly non-exempt employees.  The joint motion was granted in August 2007 (Aug. 15, 2007 Order) [dkt 28], and, subsequently, 157 plaintiffs opted-in.  (Defs.' Mot. ¶ 1.)  This lawsuit has proceeded as a collective action for more than two years on the basis of defendants' admission that although the

named plaintiffs were given the title "kitchen manager" they were non-exempt employees, and defendants' agreement that they are appropriate class representatives. As plaintiffs argue, that was one issue as to which there has been no need for discovery or dispute through the course of this lawsuit. Substantial prejudice to the class, as well as delay in resolving the litigation, would result from allowing defendants to withdraw that admission at this late date, injecting new issues for discovery and dispute into the lawsuit and raising a question about the named plaintiffs' status as class representatives.

The court sees no adequate justification for allowing defendants to withdraw their admission that the named plaintiffs were non-exempt employees. Defendants have not demonstrated a factual basis for their amendment. It would cause delay and undue prejudice to plaintiffs, including the opt-in plaintiffs, if defendants are permitted to change the landscape of the lawsuit at this late stage when all the information that defendants claim justifies the amendment was fully available to them from the date the lawsuit was filed. Defendants' motion for leave to amend their answers to Paragraph No. 28 of the Third Amended Complaint is denied.

On the other hand, however, plaintiffs have not opposed AppleIllinois' request to amend its answer to the Third Amended Complaint to add three affirmative defenses that already have been asserted by the individual defendants. Given that plaintiffs do not oppose that request and plaintiffs have been aware of this line of defense as raised by the other defendants, AppleIllinois' motion for leave to amend its answer to add the affirmative defenses of (1) recoupment, offset or overpayment; (2) waiver, estoppel and/or laches; and (3) failure, refusal or neglect to avoid or mitigate damages is granted.

**CONCLUSION**

For the reasons set forth above, Defendants AppleIllinois, LLC, W. Curtis Smith, James

Borke, Archie Iodice and Jerry Kreger's Motion for Leave to File Amended Answers and Defenses

to the Third Amended Complaint is granted in part and denied in part.  Defendant AppleIllinois,

LLC, is given until January 19, 2010 to amend its answer in accordance with this opinion.


IT IS SO ORDERED.

_____
GERALDINE SOAT BROWN
United States Magistrate Judge


DATED:   January 5, 2010